ISAAC PARKER, Administrator &c. of Edward
Sprague, *versus* THOMAS THOMPSON.

When the question is of the real subject matter of a suit, in order to show a bar to
another suit, or to lay the foundation of an action of indemnity, the identity of the
cause of action may be averred, and may be proved by other than record evidence.
By a contract made in this State, A engaged " to repay to B, of New Hampshire, any
moneys, not exceeding 1500 dollars, which B should legally be compelled to pay to
C on account of money received of C on account of, and in part pay for money
due on D's bond to B." C recovered of B, in an action brought in New Hampshire,
a larger sum than 1500 dollars. *Held*, that the words *legally compelled* meant com-
pulsion by legal process, without reference to the laws of any particular State; that
as the particular ground of the recovery in C's action did not, and was not required
to appear by the record of the judgment, it might be shown by parol evidence;
and that the measure of damages in an action on A's contract should be the 1500
dollars, with interest from the time of a demand made subsequently to the recovery
against B.

COVENANT.   In 1800 Samuel Swett gave a bond and
mortgage of certain real estate to the Rev. Edward Sprague,
the plaintiff's testator; he made a second mortgage of the
same estate to the defendant in 1812; and a third to Abra-
ham Gibson in 1814, to whom in 1816 he conveyed his
right of redemption.   Sprague afterwards assigned his bond
and mortgage to the defendant, who executed a contract
under seal, dated at Boston the 24th of January 1817, in
which he engages " to refund or repay to the Rev. Edward
Sprague, of Dublin in New Hampshire, any moneys, not ex
ceeding 1500 dollars, which he the said Sprague shall legally
oe compelled to pay to the heirs of the late Abraham Gibson
deceased, on account of money which he the said Sprague
shall actually have received of and receipted for to said A.
Gibson on account of and in part pay for money due on S.
Swett's bond to him the said E. Sprague, dated," &c.   An
action was afterwards brought in the State of New Hampshire
by the representatives of Gibson against the representative of
Sprague, the declaration in which contained two common
money counts, and a special count alleging that 1500 dollars
had been paid, but not indorsed, upon the bond, according to
Sprague's agreement; and upon a trial judgment was recov-
ered, and an execution was issued for the sum of 2091 dollars
50 cents, which was paid out of Sprague's estate.   Whereupon

430

Parker
v.
Thompson.

the present suit was commenced against the defendant, upon his covenant above recited. The defendant pleaded, *secondly*, that Sprague's estate had not been compelled to pay any money to Gibson's heirs, which had been before paid by Gibson to Sprague on the bond and mortgage ; and, *thirdly*, that the money recovered had been before paid by Gibson to Sprague for the purpose of purchasing the bond and mortgage, and in part payment of the purchase, and not in part payment of the bond and mortgage. Issue was joined on these pleas.

The plaintiff, to prove these issues, introduced a copy of the judgment recovered in New Hampshire, and of the execution, and proved by a witness, that the amount of the execution was paid out of Sprague's estate. Other evidence, consisting chiefly of depositions and letters, was then offered by the plaintiff, to prove that the judgment was recovered on account of money paid by Gibson to Sprague on the bond and mortgage ; to which evidence the defendant objected, but the objection was overruled. It was proved, that the defendant was notified of the action in New Hampshire, and informed that he might conduct the defence if he saw fit. That action was tried several times, and a witness, who was present at the trials, testified that all the material evidence touching the payment of the money by Gibson, and the purpose for which it was paid, was from the testimony of one Pulsifer, whose deposition was in the present case, and from the deposition of one Ingersoll, a copy of which was also in this case and was read to the jury at the trial.

*Wilde* J. instructed the jury, on the whole evidence, that if they should be satisfied that the money was paid by Gibson on the bond and mortgage, and was received in part payment of the same, and not for the purpose of procuring an assignment to him of the bond and mortgage, they should find all the issues for the plaintiff. And further, that if they found for the plaintiff, they should assess the damages in the sum of 2091 dollars 50 cents, the amount of the execution against Sprague's estate, with interest from the time of payment of that execution.

A verdict was found for the plaintiff ; but if the parol evidence ought not to have been admitted, or if the instructions

to the jury were ncorrect, a new trial was to be granted ; or    Parker
if the Court should think the plaintiff entitled to recover, but  *v.*
that the damages were too large, the verdict was to be altered    Thompson,
so as to conform with the opinion of the Court.

*Prescott* and *W. Sullivan*, for the defendant. The plaintiff *March 24th*
ought to have produced a record of a recovery against Sprague
for the precise cause of action alluded to in the contract, show-
ing that the contingency, which was to render the defendant
liable, had happened ; and parol evidence was not admissible
to prove, that in the action in New Hampshire, any matter
was in issue, which did not appear on the face of the record.
*Sintzenick* v. *Lucas*, 1 Esp. R. 43 ; *Manny* v. *Harris*, 2
Johns. R. 24. The Court must know all the evidence used
at the trial, the arguments of the counsel, and the instructions
of the judge, in order to get at the grounds of the decision in
New Hampshire. This is not a formal objection, for the de-
fendant there might have filed a special plea, which would
have shown on what point the action turned. But if all the
evidence used in that case is admissible here, then the question
is, whether this Court would give the same construction to
this contract. We apprehend they would not, and that it
must be construed according to our laws, being made here and
without reference to the laws of any other State. If the money
was not paid on the bond, the defendant is not liable on his
contract ; if it was so paid, then by our laws it could not be
recovered back : and if it had been shown, as it ought to
have been, in the action in New Hampshire, that it was paid
in discharge of a debt, the representatives of Gibson would
not have prevailed. Supposing however that the plaintiff is
entitled to recover, the damages should not exceed 1500
dollars, with interest from the date of the writ. *Dennis*
v. *Cummins*, 3 Johns. Cas. 298 ; *Lowe* v. *Peers*, 4 Burr.
2228.

*Fletcher*, for the plaintiff. The point in issue was, whether
Sprague's representatives had been compelled to repay money
paid by Gibson on account of Swett's bond. We produced    432
the record of the case in New Hampshire, but that did not
show the fact ; nor was it necessary that it should, for the
plaintiff there was not obliged to declare specially ; and if the

39*

Parker
*v*
Thompson.

defendant in that action had put in a special plea, it would have amounted to the general issue and been bad on demurrer. It was necessary then to prove the fact by other evidence ; and it is clear, that where a fact proper to be proved, need not and does not appear by the record, other evidence is admissible ; only such evidence must not contradict the record. *Parks* v. *Hall*, 2 Pick. 206 ; *Wilson* v. *Hart*, 7 Taunt. 304 ; *Martin* v. *Thornton*, 4 Esp. R. 180 ; *Ravee* v. *Farmer*, 4 T. R. 146 ; *Seddon* v. *Tutop*, 6 T. R. 607 ; *Webster* v. *Lee*, 5 Mass. R. 334 ; *Phillips* v. *Berick*, 16 Johns. R. 136 ; *Stevens* v. *Payne*, 2 Root, 83. The jury in the first action having found a verdict on the evidence now produced, they must have found that the money was paid on account of the bond ; for there was no evidence of any contract for an assignment to Gibson. It is objected, that Sprague's repre sentative was not legally compelled to repay the money. Cer tainly the forms of law were pursued, and it is manifest from the contract itself, that the parties must have understood that any suit against Sprague would be brought in New Hampshire, where he lived. But if the action had been brought here, we have reason to think the result would have been the same, since the bond was assigned to the defendant without any indorsement of the payment in question. *Rowe* v. *Smith*, 16 Mass. R. 306. On the subject of damages, our view is, that 1500 dollars was mentioned only as the principal sum, being the sum paid by Gibson to Sprague, and that the plaintiff is entitled to interest as incident. *Harris* v. *Clap*, 1 Mass. R. 308 ; *Pitts* v. *Tilden*, 2 Mass. R. 118 ; *Clark* v. *Barlow*, 4 Johns. R. 183 ; *Liotard* v. *Graves*, 3 Caines's R. 234 ; *Pease* v. *Barber*, ibid. 266 ; *Smedes* v. *Hooghtaling*, ibid. 48 ; *Gibbs* v. *Bryant*, 1 Pick. 118 ; *Wood* v. *Robbins*, 11 Mass. R. 504.

*April 3d.*

PARKER C. J. delivered the opinion of the Court. This case depends principally upon the true construction of the covenant declared on. We can see but one meaning to the words, without imputing a degree of artifice on the part of the defendant, which it is not probable he practised. Whatever he shall be legally compelled to pay, means whatever by legal process he shall be obliged to pay, without reference to the laws of any particular State. If, as is contended, the par-

nes meant that the defendant should repay, only in case by the principles of law in Massachusetts the sum was recoverable against Sprague, they chose very unsuitable words to express their intention. And, indeed, a bargain of that sort would have been too unequal to have been entered into by a man of any intelligence, when he was voluntarily parting with property, and had the power of making his own terms respecting it. In order to justify the construction suggested by the counsel for the defendant, we must suppose that Sprague and Thompson deliberately intended to defraud the heirs of Gibson, if by the technical rules of law they should be able so to do. And furthermore, if by chance the heirs should recover a judgment against Sprague, and he should be obliged to pay the money, that Thompson might defend against his covenant upon the same technical rules which in such a case would have failed to protect Sprague. So that in such case Sprague was to lose, and Thompson to gain, the amount of the sum at least equitably due to the heirs of Gibson. Honest and intelligent men. as these parties undoubtedly were, are not to be supposed to have made such a contract, unless the terms in which it is expressed force the mind to such a conclusion. But we think it very clear, that the words of the covenant do not admit of such a construction. It is a simple covenant of indemnity, expressed in apt words, and binds the defendant to repay whatever shall be recovered by legal process anywhere, to the extent to which he stipulated. It must be proved, however, that the money thus recovered against Sprague was on account of money he received on Swett's bond.

And this is proved, if the evidence in the case were competent to prove this fact. The objection is, that parol evidence was admitted to prove it, that is, the same evidence on which the judgment was recovered in New Hampshire. The recovery there was probably on the count for money had and received, and it does not appear by the record, that that count was for money paid on the bond. How should this be proved, but by parol evidence ? The defendant in that suit could not have ob'iged the plaintiffs to set forth in the declaration the particular subject of his suit, nor could he, in his plea,

SUFFOLK AND NANTUCKET.

Parker
*v.*
Thompson.

have made it more certain, for it would have been setting out his defence in a manner, which, in such an action, would have amounted to the general issue. He has furnished, in this suit, the only evidence which could be produced of the grounds of the action ; and, indeed, the very evidence on which the judgment was obtained. Every fact which exists on record must be proved by record ; but when the question is as to the real subject matter of a suit, in order to show a bar to another suit, or to lay the foundation of an action of indemnity, the identity of the cause of action may be averred, and may be proved by other than record evidence.[1]

The contract limits the indemnity to 1500 dollars, and judgment must be rendered for that sum, with interest from the time of a demand made subsequently to the recovery in New Hampshire, if any such demand was made before the commencement of this action, otherwise from the date of the writ.

[1] See *Standish* v. *Parker*, 2 Pick. (2nd ed.) 22, notes; *Wood* v. *Jackson*, 8 Wendell, 44; *Marten* v. *Thornton*, 4 Esp. R. 180; 1 Stark. Evid. (5tn Amer ed.) 223.